AO 106A (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )      Case No. 2:21-mj-598
)
THE CELLULAR TELEPHONE ASSIGNED CALL )
NUMBER 614-726-0809 )
)

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

located in the _____Western_____ District of _____Washington_____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B and/or attached affidavit

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 875(c) | Transmission of a Threat in Interstate Commerce |

The application is based on these facts:
See affidavit. To ensure compliance with 18 U.S.C. §§ 3121-3127, the warrant will also function as a pen register order. I certify that the information likely to be obtained is relevant to an ongoing criminal investigation.

- ☐ Continued on the attached sheet.
- ☑ Delayed notice of __30__ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

DAVID D. MCCRACKEN, FBI SPECIAL AGENT
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
_____ *(specify reliable electronic means)*.

Date: Sept. 17, 2021

City and state: Columbus, OH

_____
Elizabeth A. Preston Deavers
United States Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF: THE CELLULAR TELEPHONE ASSIGNED CALL NUMBER 614-726-0809 | Case No. 2:21-mj-598<br><br>**Filed Under Seal** |

### AFFIDAVIT IN SUPPORT OF
### AN APPLICATION FOR A SEARCH WARRANT

I, David D. McCracken, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. §§ 2703(c)(1)(A) for information about the location of the cellular telephone assigned call number 614-726-0809 (the "Target Cell Phone"), believed to be used by YOUSIF AMIN MUBARAK, and whose service provider is AT&T, a wireless telephone service provider headquartered at 11760 US Highway 1, Suite 300, North Palm Beach, Florida 33408. The Target Cell Phone is described herein and in Attachment A, and the location information to be seized is described herein and in Attachment B.

2. Because this warrant seeks the prospective collection of information, including cell-site location information, that may fall within the statutory definitions of information collected by a "pen register" and/or "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4), the requested warrant is designed to also comply with the Pen Register Act. *See* 18 U.S.C. §§ 3121-3127. The requested warrant therefore includes all the information required to be included in an order pursuant to that statute. *See* 18 U.S.C. § 3123(b)(1).

3. I am a Special Agent with the Federal Bureau of Investigation (FBI) and have been since September 2008. I am currently assigned to the Cincinnati Division Columbus Resident Agency as a member of the Joint Terrorism Task Force (JTTF), where I investigate

violations of federal law relating to domestic and international terrorism investigations. Since becoming an FBI agent, I have received specialized training as a bomb technician to include improvised explosives and post blast investigations.

4. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

5. Based on the facts set forth in this affidavit, there is probable cause to believe that violations of 18 U.S.C. § 875(c) (Transmission of a Threat in Interstate Commerce) have been committed, are being committed, and will be committed by YOUSIF AMIN MUBARAK (MUBARAK). MUBARAK was charged with this crime by a criminal complaint on September 15, 2021 and is the subject of an arrest warrant issued the same day. Moreover, since that time, another threatening call was placed by MUBARAK. Thus, there is probable cause to believe that the location information described in Attachment B will constitute evidence of these criminal violations and will assist law enforcement in arresting MUBARAK, who is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

6. The court has jurisdiction to issue the proposed warrant because it is a "court of competent jurisdiction" as defined in 18 U.S.C. § 2711. Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated, *see* 18 U.S.C. § 2711(3)(A)(i).

## **PROBABLE CAUSE**

7.    The United States, including Federal Bureau of Investigation, is conducting a criminal investigation of MUBARAK regarding possible violations of 18 U.S.C. § 875(c) (Transmission of a Threat in Interstate Commerce).

8.    On September 12, 2021 at approximately 5:00p.m., Sunoco, located at 501 West Waterloo St., Canal Winchester, Ohio 43110, received a call from a male that asked the attendant if they had any money in the draw (cash drawer). The Sunoco attendant answered no. The male caller then stated, "he was gonna come rob them" and the attendant hung up. The number received from the call was telephone number 614-726-0809, the Target Cell Phone. The Sunoco attendant called the Fairfield County Sheriff's Office and deputies were dispatched to the gas station to take a report.

9.    On September 12, 2021, through a datamining platform query, it was discovered that MUBARAK, date of birth: xx/xx/1995, last known address of Canal Winchester 43110 was the owner of telephone number 614-726-0809, the Target Cell Phone.

10.    On September 12, 2021 at approximately 10:00p.m., personnel from the Fairfield County Sheriff's Office, Columbus Police Department, and the FBI JTTF went to MUBARAK's last known address. MUBARAK was not physically there but did taunt the officers on scene through a RING doorbell camera that he still had access to remotely. The female residents at the home stated that MUBARAK has not lived at the residence for at least six months and that they believed he was in Oregon.

11.    On September 12, 2021 at approximately 10:20p.m., Fairfield County Sheriff's Office Dispatch, received a call from telephone number 614-726-0809, the Target Cell Phone. The caller on the line threatened the dispatcher with "putting two bullets in her head." This

3

conversation lasted for some time and, during that time, another dispatcher was able to acquire a GPS ping and location for MUBARAK (a Safeway Pharmacy in Renton, Washington).

12. During the evening of September 12, 2021, the clerk from Sunoco engaged with MUBARAK via text messages on the 614-726-0809 number, the Target Cell Phone. At what appears to be a 10:41p.m. timestamp, MUBARAK texted, "Cops just showed up to my house don't hate the player hate the game again". This is consistent with law enforcement visiting MUBARAK's home around 10:00p.m. and MUBARAK taunting them through the RING doorbell camera.

13. During the same text exchange with the Sunoco clerk, MUBARAK sent multiple lewd and graphic text messages indicating his desire to have sex with the Sunoco clerk's wife, daughters and/or mother. MUBARAK also asked at one point, "Do your daughters go to Canal Winchester Schools"? On the following morning of September 13, 2021, at approximately 7:08a.m., a call, using what is suspected to be a spoofed telephone number, was placed to Canal Winchester High School, wherein the caller stated, "you need to get your women and children out of the building. We have a suicide bomber in the building." A second call to Canal Winchester Middle School was placed at approximately 7:13 a.m., also by what law enforcement believes to be a spoofed telephone number, wherein the caller stated, "I have placed several bombs in your building. I would get your women and children out now. Stay alive." Both schools were evacuated then closed for the day as a result of the threats.

14. On September 15, 2021, Fairfield County Sheriff's Office conducted a query for calls related to MUBARAK. The query resulted in a call received on or about May 30, 2021 from a person identifying themself as YOUSIF MUBARAK, telephone number 614-726-0809, the Target Cell Phone, wanting to report a complaint.

4

15. On September 16, 2021, MUBARAK threatened a Franklin County Municipal Court Judge indicating in voicemails that he was coming to her house, going to get the Judge and her kids. The Target Cell Phone was used to place the calls. Franklin County Municipal Court records indicate that MUBARAK previously had a case before this same Judge.

16. In my training and experience, I have learned that AT&T is a company that provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate information about the locations of the cellular telephones to which they provide service, including E-911 Phase II data, also known as GPS data or latitude-longitude data and cell-site data, also known as "tower/face information" or cell tower/sector records. E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several of the provider's cell towers. Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data is typically less precise that E-911 Phase II data.

17. Based on my training and experience, I know that AT&T can collect E-911 Phase II data about the location of the Target Cell Phone, including by initiating a signal to determine the location of the Target Cell Phone on AT&T's network or with such other reference points as may be reasonably available.

5

18. Based on my training and experience, I know that AT&T can collect cell-site data about the Target Cell Phone. Based on my training and experience, I know that for each communication a cellular device makes, its wireless service provider can typically determine: (1) the date and time of the communication; (2) the telephone numbers involved, if any; (3) the cell tower to which the customer connected at the beginning of the communication; (4) the cell tower to which the customer connected at the end of the communication; and (5) the duration of the communication. I also know that wireless providers such as AT&T typically collect and retain cell-site data pertaining to cellular devices to which they provide service in their normal course of business in order to use this information for various business-related purposes.

## AUTHORIZATION REQUEST

19. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c).

20. I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days after the collection authorized by the warrant has been completed. There is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the Target Cell Phone would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). As further specified in Attachment B, which is incorporated into the warrant, the proposed search warrant does not authorize the seizure of any tangible property. *See* 18 U.S.C. § 3103a(b)(2). Moreover, to the extent that the warrant authorizes the seizure of any wire or electronic communication (as

6

defined in 18 U.S.C. § 2510) or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

21. I further request that the Court direct AT&T to disclose to the government any information described in Attachment B that is within the possession, custody, or control of AT&T. I also request that the Court direct AT&T to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachment B unobtrusively and with a minimum of interference with AT&T's services, including by initiating a signal to determine the location of the Target Cell Phone on AT&T's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall reasonably compensate AT&T for reasonable expenses incurred in furnishing such facilities or assistance.

22. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Cell Phone outside of daytime hours.

23. I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Respectfully submitted,

David D. McCracken
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me on September 17, 2021

UNITED STATES MAGISTRATE JUDGE
United States Magistrate Judge

8

## ATTACHMENT A

### Property to Be Searched

1. The cellular telephone assigned call number 614-726-0809, with listed subscriber believed to be YOUSIF AMIN MUBARAK (the "Target Cell Phone"), whose wireless service provider is AT&T, a company headquartered at AT&T, 11760 US Highway 1, Suite 300, North Palm Beach, Florida 33408.

2. Records and information associated with the Target Cell Phone that is within the possession, custody, or control of AT&T.

## ATTACHMENT B

### Particular Things to be Seized

**I. Information to be Disclosed by the Provider**

All information about the location of the Target Cell Phone described in Attachment A for a period of thirty days, during all times of day and night. "Information about the location of the Target Cell Phone" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephone described in Attachment A.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of AT&T, AT&T is required to disclose the Location Information to the government. In addition, AT&T must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with AT&T's services, including by initiating a signal to determine the location of the Target Cell Phone on AT&T's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate AT&T for reasonable expenses incurred in furnishing such facilities or assistance.

This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).

## II. Information to Be Seized by the Government

All information described above in Section I that constitutes evidence of violations os 18 U.S.C. F. Supp. 2d 875(c) and will assist in arresting YOUSIF AMIN MUBARAK, who was charged with violating 18 U.S.C. § 875(c) (Transmission of a Threat in Interstate Commerce) on September 15, 2021, is the subject of an arrest warrant issued on the same day and is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this Warrant.